IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

FILED
MAR 22 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RONALD STERN, 25241-053　§
Federal Satellite Low
v. 2680 Highway 301 South　　§　Case: 1:07-cv-00564
  Jessup, GA 31599　　　　　　　　Assigned To : Unassigned
　　　　　　　　　　　　　　　　　Assign. Date : 03/22/2007
FEDERAL BUREAU OF PRISONS.　§　Description: RONALD STERN v. FEDERAL BUREAU OF PRISONS

## ORIGINAL COMPLAINT

### Introduction

1. This is an Administrative Procedures Act ("APA") suit challenging the Bureau of Prisons' ("BOP") authority to establish payment schedules for orders of restitution issued under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A - 3664. The Plaintiff, Ronald Stern ("Stern"), is an inmate incarcerated in federal prison. Stern was ordered to pay $2,139,860.12 in restitution by the Honorable Gary Feess, United States District Judge See U.S.A. v. Ronald Stern, CR-031220(A) (C.D. Cal). In fashioning Stern's restitution order, however, Judge Freess did not set a payment schedule.

2. Upon committment to the federal institution in Jesup, Georgia, the BOP sought to remedy the lack of a payment schedule for Stern's restitution through the use of the Inmate Financial Responsibility Program ("IFRP"). Under the IFRP, the BOP is authorized to establish payment schedules for all forms of restitution. See 28 C.F.R. § 545.11(a)(2). However, application of section 545.11(a)(2) to orders of restitution issued under the MVRA is invalid, for under the MVRA only the courts have the power to determine the manner and schedule of restitution payments.

**Jurisdiction and Venue**

3. Jurisdiction is proper under 28 U.S.C. § 1331. Venue is appropriate in the District Court for the District of Columbia. See 28 C.F.R. § 1391(e).

**Parties**

4. Plaintiff Ronald Stern's mailing address is Ronald Stern # 25241-053, Federal Satellite Low, 2680 Highway 301 South, Jesup, Georgia 31599. Mr. Stern's telephone number is 912-427-0870.

5. Defendant Federal Bureau of Prisons mailing address is 320 First Street, N.W., Washington, D.C. 20534.

**Exhaustion of Administrative Remedies**

6. Stern has exhausted all of his available administrative remedies using the BOP's administrative remedy program.

**Count One**

7. Under 5 U.S.C. §§ 706(2)(A) & (C), this Court must hold unlawful and set aside agency action that is "otherwise not in accordance with law," or "in excess of statutory authority."

8. Here, the BOP's use of the IFRP to set payment schedules for restitution under the MVRA is "otherwise not in accordance with law," or "in excess of statutory authority" because only the courts can set payment schedules for restitution. United States v. Coates, 178 F.3d 681, 685 (3rd Cir. 1999) ("Although we recognize that federal regulations permit the Bureau of Prisons to make payment schedules for all monetary penalties, see 28 C.F.R. § 545.10, the plain language of the MVRA, vesting sole authority in the district courts, see 18 U.S.C. § 3664(f)(2) ('[T]he court shall ... specify ... the manner ...

and the schedule [of] restitution'), contradicts, and thus overrides the regulations"); United States v. Tarbox, 361 F.3d 664, 665 n.1 (1st Cir. 2004); United States v. Mortimer, 94 F.3d 89, 91 (2nd Cir. 1996); United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996); United States v. Albro, 32 F.3d 174 (5th Cir. 1994); United States v. Pandiello, 184 F.3d 682, 688 (7th Cir. 1999); United States v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001); United States v. Gunning, 401 F.3d 1145, 1149-50 (9th Cir. 2005); United States v. Overholt, 307 F.3d 1231, 1254-56 (10th Cir. 2002); United States v. Prouty, 303 F.3d 1249, 1253-55 (11th Cir. 2002); U.S. v. Braxtonbrown-Smith, 278 F.3d 1348, 1356 (D.C. Cir. 2002).

**Relief Requested**

9. Stern respectfully requests (1) a declaratory judgment stating that the BOP lacks the authority to set payment schedules for orders of restitution issued under the MVRA; (2) permanent enjoinment of 28 C.F.R. § 545.11(a)(2) as applied to the BOP's authority to set restitution payment schedules for restitution issued under the MVRA; and (3) costs and such other relief as the Court may see fit.[1]

Respectfully submitted,

Ronald Stern # 25241-053
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

---

[1] Neither Heck v. Humphrey, 512 U.S. 477 (1994) nor its progeny bar this action because (1) Stern does not seek monetary damages and (2) the requested relief, if granted, would not necessarily imply the invalidity of Stern's conviction or the duration of his sentence. Taylor v. U.S. Probation Office, 409 F.3d 426, 429-30 (D.C. Cir. 2005).

3